Rule 10.5-B

PD-1263-15 Sept 23, 2015

Appellate Case Number 11-13-00377-CR

Trial Court Case Number A-37,204

I need this time to get legal help. The Judge ordered me to jail for 6 months from ~~May 23, 2014~~ Nov 26, 2013 until May 23, 2014 - 6 months. The Judge refused to give me a Court Appointed Attorney for a Appeal. I had no legal represenation and no money to hire a Attorney. The District Attorney refused my Mother brief for the Appeal.

The District Attorney ordered my brief to be redrawn. The brief was due quickly.

Indigent Defence ensures my rights according to Articles 26.04 and 26.05

Johnny C. Trout
9-23-15

PO Box 871
Quinlan TX 75474

903 413 6432

RECEIVED IN
COURT OF CRIMINAL APPEALS

SEP 23 2015

Abel Acosta, Clerk

FILED IN
COURT OF CRIMINAL APPEALS

SEP 23 2015

Abel Acosta, Clerk

Acts 1965, 59th Leg., vol. 2, p. 317, ch. 722. Art. 1.05. RIGHTS OF ACCUSED. In all criminal prosecutions the accused shall have a speedy public trial by an impartial jury. He shall have the right to demand the nature and cause of the accusation against him, and to have a copy thereof. He shall not be compelled to give evidence against himself. He shall have the right of being heard by himself, or counsel, or both; shall be confronted with the witnesses against him, and shall have compulsory process for obtaining witnesses in his favor. No person shall be held to answer for a felony unless on indictment of a grand jury. Acts 1965, 59th Leg., vol. 2, p. 317, ch. 722. This article was amended by the 84th Legislature. Pending publication of the current statutes, see S.B. 1517, 84th Legislature, Regular Session, for amendments affecting this section. Art. 1.051. RIGHT TO REPRESENTATION BY COUNSEL. (a) A defendant in a criminal matter is entitled to be represented by counsel in an adversarial judicial proceeding. The right to be represented by counsel includes the right to consult in private with counsel sufficiently in advance of a proceeding to allow adequate preparation for the proceeding. (b) For the purposes of this article and Articles 26.04 and 26.05 of this code, "indigent" means a person who is not financially able to employ counsel. (c) An indigent defendant is entitled to have an attorney appointed to represent him in any adversary judicial proceeding that may result in punishment by confinement and in any other criminal proceeding if the court concludes that the interests of justice require representation. Except as otherwise provided by this subsection, if an indigent defendant is entitled to and requests appointed counsel and if adversarial judicial proceedings have been initiated against the defendant, a court or the courts' designee authorized under Article 26.04 to appoint counsel for indigent defendants in the county shall appoint counsel as soon as possible, but not later than the end of the third working day after the date on which the court or the courts' designee receives the defendant's


## OBJECTIVE

Government-provided legal services for felony defendants unable to afford legal representation in a criminal case. Indigent defense is supported through state and local county funds.

## KEY FACTS

- Costs to provide indigent defense services are met through a combination of state and local funding, with counties absorbing a majority of these costs.

- Revenue to support indigent defense is provided through a combination of court costs, surety bond fees, and state bar membership fees.

## BUDGETARY IMPACT

The Texas Indigent Defense Commission (TIDC) was appropriated an estimated $79 million for the 2014–15 biennium. Estimated appropriation authority enables TIDC to spend all available amounts in the Fair Defense Account during the 2014–15 biennium.

## STATUTORY REFERENCES

- Texas Code of Criminal Procedure, Chapters 1, 14, 15, 17, 26, and 102

- Texas Family Code, Chapter 51

- Texas Government Code, Chapter 71

The Sixth Amendment of the U.S. Constitution provides a defendant with the right to legal counsel for his or her defense in a criminal proceeding. In *Gideon v. Wainwright*, 1963, the U.S. Supreme Court ruled that counsel must be provided to indigent defendants in felony cases. This decision placed the cost for legal counsel on the government in instances where the defendant is unable to afford legal representation.

## FAIR DEFENSE ACT AND TEXAS INDIGENT DEFENSE COMMISSION

The Fair Defense Act was enacted by the Seventy-seventh Legislature in 2001. The legislation required all courts in Texas to adopt formal procedures for providing appointed lawyers to indigent defendants. The Act also established the Task Force on Indigent Defense to oversee indigent defense services in Texas. Task Force members included the Presiding Judge of the Court of Criminal Appeals and the Chief Justice of the Supreme Court of Texas. The Seventy-seventh Legislature, 2001, also appropriated state funding for indigent defense for the first time to supplement what had been county expenses. Funds were disbursed through formula grants and competitive discretionary grants.

The Eighty-second Legislature, Regular Session, 2011, reorganized the Task Force as the Texas Indigent Defense Commission (TIDC). TIDC assists counties in establishing, developing, and maintaining cost-effective indigent defense services. Assistance includes reviewing annual plans on indigent defense services submitted by counties, educating stakeholders on how to administer effective services, awarding competitive discretionary grants, and distributing formula grants to counties. TIDC is administratively attached to the Office of Court Administration, which provides support in the areas of purchasing, human resources, financial reporting and other operations.

## INDIGENT DEFENSE AT THE COURT LEVEL

Courts have flexibility in how attorneys are appointed to indigent defense cases. The methods most often used include:

- **Assigned Counsel:** Private attorney appointment by a judge to represent an indigent defendant. The Court maintains a list of qualified attorneys and uses a rotation system to appoint attorneys from the list. This is the most commonly used program.

- **Managed Assigned Counsel:** Private attorney appointment by a county department or non-governmental organization permitted by the court to manage attorney appointments on its behalf. This appointment type can also take more specialized forms that relate to a particular issue, such as programs that focus on indigent defendants with mental illnesses. Three counties use managed assigned counsel programs as of fiscal year 2013.

- **Public Defenders Office:** Either a county department or a non-governmental organization with full-time attorneys and other staff that represent indigent defendants. Nineteen counties have public defender offices as of fiscal year 2013.

- **Contract Defender:** Private attorney engaged to provide representation to unspecified defendants before a court or group of courts. Twenty-four counties use contract defender programs as of fiscal year 2013.

| E OF ORDERS | | ORDERS OF COURT – continued | MINUTE BOOK | | |
|---|---|---|---|---|---|
| Day | Year | | Vol. | Page | |
| 20 | 13 | cont'd; State / A closed; charge conference - no objection to the Court's charge; closing argument by State; by defense; jury out @ 3:50 p.m.; back in @ 4:25 p.m.; _____ plea - ① Deana Crouch; multiple misdemeanor conviction admitted; Both rested & closed; State wound opening; A argued; State argued - jury out @ 5:20 p.m.; jury in @ 6:00 p.m. | | | |
| 21 | 13 | Sentenced to 5 years TDC probated 5000.50 fine; Probated for 10 years; 180 special condition LEC by: 9:00 A.M. Monday; Nov. 25, 2013; no contact w/ any of the victims or owner of the house; A admonished re importance of felony C.S. rule w/out demotion & consequence of violating any rule/terms of C.S.; A admonished re appellate rights - _____ | | | |
| 18 | 13 | Indigency hearing; A has made no attempt to hire a lawyer; Owns mobile home & 2000 F150 free & clear - ____ court appt'd lawyer ____ | | ㉓ | |



JIM R. WRIGHT
CHIEF JUSTICE

MIKE WILLSON
JUSTICE

JOHN M. BAILEY
JUSTICE

# Court of Appeals
## Eleventh District of Texas

100 WEST MAIN STREET, SUITE 300
P. O. BOX 271
EASTLAND, TEXAS 76448

SHERRY WILLIAMSON
CLERK

TELE: 254/629-2638
FAX: 254/629-2191
sherry.williamson@txcourts.gov
www.11thcoa.courts.state.tx.us

January 10, 2014

R. N. (Bobby) Bland, District Attorney
Ector County District Attorney's Office
300 N. Grant, Room 305
Odessa, TX 79761

Johnny Craig Trout
#44521
Ector County Jail
PO Box 331
Odessa, TX 79761

**RE:** Appellate Case Number: 11-13-00377-CR
Trial Court Case Number: A-37,204
**Style:** Johnny Craig Trout v. The State of Texas

We have this day received and filed the docketing statement and the trial court's Certification of Defendant's Right of Appeal from Pro se Appellant in the above cause.

We note the Clerk's Record and Reporter's Record are due for filing in the Court on or before **January 20, 2014. There is a new Request for Extension form on the Court's website, revised 4/2013. Please start using this form immediately.**

**NOTICE: Effective January 1, 2014, e-filing is mandatory in the Eleventh Court of Appeals. The email address of an attorney or unrepresented party who electronically files a document must be included on the front cover of the document and on the signature page.**

Respectfully yours,

Sherry Williamson, Clerk

By: Cheryl Busk, Deputy

cc: Tina Gregg, Court Reporter
Denn Whalen, Judge
District Clerk - Ector County



| JIM R. WRIGHT<br>CHIEF JUSTICE | **Court of Appeals** | SHERRY WILLIAMSON<br>CLERK |
|---|---|---|
| MIKE WILLSON<br>JUSTICE | **Eleventh District of Texas** | **TELE: 254/629-2638** |
| | 100 WEST MAIN STREET, SUITE 300 | **FAX: 254/629-2191** |
| JOHN M. BAILEY<br>JUSTICE | P. O. BOX 271<br>EASTLAND, TEXAS 76448 | sherry.williamson@txcourts.gov<br>www.11thcoa.courts.state.tx.us |

December 19, 2013

R. N. (Bobby) Bland, District Attorney
Ector County District Attorney's Office
300 N. Grant, Room 305
Odessa, TX 79761

Johnny Craig Trout
#44521
Ector County Jail
PO Box 331
Odessa, TX 79761

**RE:** Appellate Case Number: 11-13-00377-CR    Trial Court Case Number:    A-37,204
**Style:** Johnny Craig Trout v. The State of Texas

We have this day received and filed a copy of the Notice of Appeal and the Trial Court Information Form from the trial court clerk in the above cause.

*Pro se Appellant is requested to forward a docketing statement to our office on or before January 3, 2014. See TEX. R. APP .P. 32. A copy of the docketing statement is enclosed.*

The Clerk's Record and Reporter's Record are now due for filing in the Court on or before **January 20, 2014. There is a new Request for Extension form on the Court's website, revised 4/2013. Please start using this form immediately.**

A Certification of the Defendant's Right of Appeal did not accompany the Notice of Appeal. Pursuant to the January 1, 2003, amendments of the Texas Rules of Appellate Procedure, please note that the record must include the trial court's Certification of the Defendant's Right of Appeal. This appeal may be subject to dismissal if the certification is not included in a Clerk's Record or Supplemental Clerk's Record. TEX. R. APP. P. 25.2. The trial court clerk is directed to fax the Certification of Defendant's Right of Appeal on or before **January 3, 2014** and ensure that the certification is included with the Notice of Appeal in the Clerk's Record.

**NOTICE: Effective January 1, 2014, e-filing will be mandatory in the Eleventh Court of Appeals.**

Respectfully yours,

Sherry Williamson, Clerk

By: Cheryl Busk, Deputy

cc:    Tina Gregg, Court Reporter
Denn Whalen, Judge
District Clerk - Ector County